263.064070(262)                           TED/sxf
                        IN THE UNITED STATES DISTRICT COURT
                        FOR THE NORTHERN DISTRICT OF ILLINOIS
                                EASTERN DIVISION

GABRIELLA STRBIK                          )
                                          )
                    Plaintiff,            )        FILED: JUNE 3, 2008
                                          )        08CV3189          TG
v.                                        )        JUDGE CONLON
                                          )        MAGISTRATE JUDGE NOLAN
SUNRISE SENIOR LIVING, INC.,              )
SUNRISE of BUFFALO GROVE, and             )
SUNRISE BUFFALO GROVE ASSISTED            )
LIVING, LLC.                              )
                                          )
                    Defendants.           )

## ANSWER TO COMPLAINT

**NOW COME**, the Defendants, SUNRISE SENIOR LIVING, INC., and SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC, by and through their attorneys, PRETZEL & STOUFFER, CHARTERED, and for their Answer to Plaintiff's Complaint, so state the following:

### COUNT I
### ANIMAL CONTROL ACT, 510 ILCS 5/16
### SUNRISE SENIOR LIVING, INC.

Defendant SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC, makes no answer to Count I of the Complaint, since the allegations in Count I are not directed toward this Defendant and since the prayer for relief of Count I does not seek a judgment against this Defendant.

1.      On June 18, 2006, the Defendant, SUNRISE SENIOR LIVING, INC., was the owner and keeper of a certain dog.

**ANSWER:**    The Defendant, SUNRISE SENIOR LIVING, INC., denies the allegations contained in paragraph one of Count I of the Complaint.

2.      On June 18, 2006, Defendant, SUNRISE SENIOR LIVING, INC., owned real estate commonly known as, 180 W. Half Day Rd., Buffalo Grove, Illinois.

**ANSWER:**     The Defendant, SUNRISE SENIOR LIVING, INC., denies the allegations contained in paragraph two of Count I of the Complaint.

3.      On June 18, 2006, Plaintiff, GABRIELLA STRBIK, was peacefully conducting herself on the premises at 180 W. Half Day Rd., Buffalo Grove, Illinois.

**ANSWER:**     The Defendant, SUNRISE SENIOR LIVING, INC., has no knowledge sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph three of Count I of the Complaint. Therefore, Defendant neither admits nor denies the allegations, but demands strict proof thereof.

4.      On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was lawfully on said premises.

**ANSWER:**     The Defendant, SUNRISE SENIOR LIVING, INC., has no knowledge sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph four of Count I of the Complaint. Therefore, Defendant neither admits nor denies the allegations, but demands strict proof thereof.

5.      On June 18, 2006, without provocation, the dog owned by the Defendant, SUNRISE SENIOR LIVING, INC., attacked the Plaintiff and bit her, injuring the person and body of the Plaintiff.

**ANSWER:**     The Defendant, SUNRISE SENIOR LIVING, INC., denies the allegations contained in paragraph five of Count I of the Complaint.

2

6.    At all times pertinent hereto, there existed in the State of Illinois a certain act or law commonly known as the **Illinois Animal Control Act (510ILCS 5/16)**, which, among other things, provides:

> If a dog or other animal, without provocation, attacks or injures, any person who is peaceably conducting him [her] self in any place where he [she] may lawfully be, the owner of such dog or other animal is liable in damages to such person of or the full amount of injuries sustained.

**ANSWER:**    The Defendant, SUNRISE SENIOR LIVING, INC., admits that the Illinois Animal Control Act (510 ILCS 5/16) exists, but has no knowledge sufficient to form an opinion as to the truth or falsity of the remaining allegations contained in paragraph six of Count I of the Complaint. Therefore, Defendant neither admits nor denies the allegations, but demands strict proof thereof.

7.    As a direct and proximate result of the of the violation of this statute, the Plaintiff, GABRIELLA STRBIK, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    The Defendant, SUNRISE SENIOR LIVING, INC., denies the allegations contained in paragraph seven of Count I of the Complaint.

**WHEREFORE**, the Defendant, SUNRISE SENIOR LIVING, INC., states that the plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

3

## COUNT II

### NEGLIGENCE

### SUNRISE SENIOR LIVING, INC.

Defendant SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC, makes no answer to Count II of the Complaint, since the allegations in Count II are not directed toward this Defendant and since the prayer for relief of Count II does not seek a judgment against this Defendant.

1.      On June 18, 2006, the Defendant, SUNRISE SENIOR LIVING, INC., was the owner and keeper of a certain dog.

**ANSWER:**      The Defendant, SUNRISE SENIOR LIVING, INC., denies the allegations contained in paragraph one of Count II of the Complaint.

2.      On June 18, 2006, Defendant, SUNRISE SENIOR LIVING, INC., owned real estate commonly known as, 180 W. Half Day Rd., Buffalo Grove, Illinois.

**ANSWER:**      The Defendant, SUNRISE SENIOR LIVING, INC., denies the allegations contained in paragraph two of Count II of the Complaint.

3.      On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was peacefully conducting herself on the premises at 180 W. Half Day Rd.; Buffalo Grove, Illinois.

**ANSWER:**      The Defendant, SUNRISE SENIOR LIVING, INC., has no knowledge sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph three of Count II of the Complaint.  Therefore, Defendant neither admits nor denies the allegations, but demands strict proof thereof.

4

4.      On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was lawfully on said premises.

**ANSWER:**     The Defendant, SUNRISE SENIOR LIVING, INC., has no knowledge sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph four of Count II of the Complaint.  Therefore, Defendant neither admits nor denies the allegations, but demands strict proof thereof.

5.      On June 18, 2006, without provocation, the dog owned by the Defendant, SUNRISE SENIOR LIVING, INC., attacked the Plaintiff and bit her, injuring the person and body of the minor Plaintiff.

**ANSWER:**     The Defendant, SUNRISE SENIOR LIVING, INC., denies the allegations contained in paragraph five of Count II of the Complaint.

6.      At all times pertinent hereto, there existed in the State of Illinois a certain act or law commonly known as the Illinois Animal Control Act (510 ILCS 5/16), which, among other things, provides:

If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting him[her]self in any place where he[she] may lawfully be, the owner of such dog or other animal is liable in damages to such person of or the full amount of injuries sustained.

**ANSWER:**     The Defendant, SUNRISE SENIOR LIVING, INC., admits that the Illinois Animal Control Act (510 ILCS 5/16) exists, but has no knowledge sufficient to form an opinion as to the truth or falsity of the remaining allegations contained in paragraph six of Count II of the Complaint.  Therefore, Defendant neither admits nor denies the allegations, but demands strict proof thereof.

5

7.    At all times pertinent hereto, Defendant SUNRISE SENIOR LIVING, INC., was careless and negligent by one· or more of the following acts or omissions:

a. Knew of/should have known of the vicious and dangerous propensities of his dog;

b. Failed to train or to otherwise discipline the dog so that it would not attack and injure others;

c. Failed to warn others, including GABRIELLA STRBIK, in close proximity that the dog was a vicious animal with a proclivity or propensity to attack and injure others; and/or

d. Failed to muzzle or prohibit the dog from attacking and biting others, particularly when they knew that the dog would be in an environment in which it would almost certainly come into contact with other people.

e. Failed to provide adequate adult supervision when he knew the dog had vicious and dangerous propensities.

**ANSWER:**    The Defendant, SUNRISE SENIOR LIVING, INC., denies the allegations contained in paragraph seven of Count II of the Complaint and specifically denies the allegations contained in subparagraphs (a) through (e), inclusive.

8.    As a direct and proximate result of the attack on the Plaintiff, GABRIELLA STRBIK, by the dog owned by Defendant, SUNRISE SENIOR LIVING, INC., the Plaintiff, GABRIELLA STRBIK, suffered severe injuries to her bodily, skeletal, muscular and nervous systems becoming scarred, bruised, contused, sore, lame, disabled and disordered, requiring medical care and treatment, suffering both physical and mental pain, being unable to conduct her normal daily affairs of life and expending large sums of money for her medical care and other related expenses, and those conditions occurred as a result of the aforesaid attack on her person by the dog owned by SUNRISE SENIOR

6

LIVING, INC. on June 18, 2006, they continue to exist today, and will require further medical expense in the future.

**ANSWER:**      The Defendant, SUNRISE SENIOR LIVING, INC., denies the allegations contained in paragraph eight of Count II of the Complaint.

     **WHEREFORE**, the Defendant, SUNRISE SENIOR LIVING, INC., states that the plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

**COUNT III**

**ANIMAL CONTROL ACT. 510 ILCS 5/16**

**SUNRISE OF BUFFALO GROVE**

     Defendants, SUNRISE SENIOR LIVING, INC., and SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC, make no answer to Count III of the Complaint, since the allegations in Count III are not directed toward these Defendants and since the prayer for relief of Count III does not seek a judgment against these Defendants.  Further, Defendants submit that there is no corporate entity named Sunrise of Buffalo Grove.

**COUNT IV**

**NEGLIGENCE**

**SUNRISE SENIOR LIVING, INC., SUNRISE OF BUFFALO GROVE**

     Defendants, SUNRISE SENIOR LIVING, INC., and SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC, make no answer to Count IV of the Complaint, since the allegations in Count IV are not directed toward these Defendants and since the prayer for relief of Count IV does

not seek a judgment against these Defendants. Further, Defendants submit that there is no corporate entity named Sunrise of Buffalo Grove.

## COUNT V

## ANIMAL CONTROL ACT. 510 ILCS 5/16

## SUNRISE BUFFALO GROVE ASSISTED LIVING. L.L.C.

Defendant SUNRISE SENIOR LIVING, INC., makes no answer to Count V of the Complaint, since the allegations in Count V are not directed toward this Defendant and since the prayer for relief of Count V does not seek a judgment against this Defendant.

1.     On June 18, 2006, the Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., was the owner and keeper of a certain dog.

**ANSWER:**     The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , denies the allegations contained in paragraph one of Count V of the Complaint.

2.     On June 18, 2006, Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., owned real estate commonly known as, 180 W. Half Day Rd., Buffalo Grove, Illinois.

**ANSWER:**     The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , admits the allegations contained in paragraph two of Count V of the Complaint.

3.     On June 18, 2006, Plaintiff, GABRIELLA STRBIK, was peacefully conducting herself on the premises at 180 W. Half Day Rd., Buffalo Grove, Illinois.

**ANSWER:**     The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , has no knowledge sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph three of Count V of the Complaint. Therefore, Defendant neither admits nor denies the allegations, but demands strict proof thereof.

8

4.      On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was lawfully on said premises.

**ANSWER:**      The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , has no knowledge sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph four of Count V of the Complaint.  Therefore, Defendant neither admits nor denies the allegations, but demands strict proof thereof.

5.      On June 18, 2006, without provocation, the dog owned by the Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., attacked the Plaintiff and bit her, injuring the person and body of the Plaintiff.

**ANSWER:**      The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , denies the allegations contained in paragraph five of Count V of the Complaint.

6.      At all times pertinent hereto, there existed in the State of Illinois a certain act or law commonly known as the Illinois Animal Control Act (510 ILCS 5/16), which, among other things, provides:

If a dog or other animal, without provocation, attacks or injures any person· who is peaceably conducting him[her]self in any place where he[she] may lawfully be, the owner of such dog or other animal is liable in damages to such person of or the full amount of injuries sustained.

**ANSWER:**      The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , admits that the Illinois Animal Control Act (510 ILCS 5/16) exists, but has no knowledge sufficient to form an opinion as to the truth or falsity of the remaining allegations contained in paragraph six of Count V of the Complaint.  Therefore, Defendant neither admits nor denies the allegations, but demands strict proof thereof.

9

7.     As a direct and proximate result of the of the violation of this statute, the Plaintiff, GABRIELLA STRBIK, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC, denies the allegations contained in paragraph seven of Count I of the Complaint.

**WHEREFORE**, the Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC, states that the plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT VI

## NEGLIGENCE

## SUNRISE BUFFALO GROVE ASSISTED LIVING. L.L.C.

1.     On June 18, 2006, the Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., was the owner and keeper of a certain dog.

**ANSWER:**    The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , denies the allegations contained in paragraph one of Count VI of the Complaint.

2.     On June 18, 2006, Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., owned real estate commonly known as, 180 W. Half Day Rd., Buffalo Grove, Illinois.

**ANSWER:**    The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , admits the allegations contained in paragraph two of Count VI of the Complaint.

3.     On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was peacefully conducting herself on the premises at 180 W. Half Day Rd., Buffalo Grove, Illinois.

**ANSWER:**    The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , has no knowledge sufficient to form an opinion as to the truth or falsity of the allegations

10

contained in paragraph three of Count VI of the Complaint. Therefore, Defendant neither admits nor denies the allegations, but demands strict proof thereof.

4.      On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was lawfully on said premises.

**ANSWER:**    The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , has no knowledge sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph four of Count VI of the Complaint. Therefore, Defendant neither admits nor denies the allegations, but demands strict proof thereof.

5.      On June 18, 2006, without provocation, the dog owned by the Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, l.L.C., attacked the Plaintiff and bit her, injuring the person and body of the minor Plaintiff.

**ANSWER:**    The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , denies the allegations contained in paragraph five of Count VI of the Complaint.

6.      At all times pertinent hereto, there existed in the State of Illinois a certain act or law commonly known as the Illinois Animal Control Act (510 ILCS 5/16), which, among other things, provides:

If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting him[her]self in any place where he[she] may lawfully be, the owner of such dog or other animal is liable in damages to such person of or the full amount of injuries sustained.

**ANSWER:**    The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , admits that the Illinois Animal Control Act (510 ILCS 5/16) exists, but has no knowledge sufficient to form an opinion as to the truth or falsity of the remaining allegations

11

contained in paragraph six of Count VI of the Complaint. Therefore, Defendant neither admits nor denies the allegations, but demands strict proof thereof.

7.    At all times pertinent hereto, Defendant SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., was careless and negligent by one or more of the following acts or omissions:

a. Knew of/should have known of the vicious and dangerous propensities of his dog;

b. Failed to train or to otherwise discipline the dog so that it would not attack and injure others;

c. Failed to warn others, including GABRIELLA STRBIK, in close proximity that the dog was a vicious animal with a proclivity or propensity to attack and injure others; and/or

d. Failed to muzzle or prohibit the dog from attacking and biting others, particularly when they knew that the dog would be in an environment in which it would almost certainly come into contact with other people.

e. Failed to provide adequate adult supervision when he knew the dog had vicious and dangerous propensities.

**ANSWER:**    The Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , denies the allegations contained in paragraph seven of Count VI of the Complaint and specifically denies the allegations contained in subparagraphs (a) through (e), inclusive.

8.    As a direct and proximate result of the attack on the Plaintiff, GABRIELLA STRBIK, by the dog owned by Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., the Plaintiff, GABRIELLA STRBIK, suffered severe injuries to her bodily, skeletal, muscular and nervous systems becoming scarred, bruised, contused, sore, lame, disabled and disorder, requiring

medical care and treatment, suffering both physical and mental pain, being unable to conduct her normal daily affairs of life and expending large sums of money for her medical care and other related expenses, and those conditions occurred as a result of the aforesaid attack on her person by the dog owned by SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C. on June 18, 2006, they continue to exist today, and will require further medical expense in the future.

**ANSWER:**    The Defendant,  SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC , denies

the allegations contained in paragraph eight of Count VI of the Complaint.

**WHEREFORE**, the Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, LLC, states that the plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

Respectfully submitted,

/s/ Daniel B. Mills
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:    (312) 578-7524
Fax:             (312) 346-8242
Dmills@pretzel-stouffer.com
*Attorney for Defendant*

13

# EXHIBIT

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
05/06/2008
CT Log Number 513395375

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**    T. Richard Riney
Ventas, Inc.
Ormsby Two Office Building, Forest Green Corporate Office Park
10350 Ormsby Place, Suite 300
Louisville, KY 40223

**RE:**    **Process Served in Illinois**

**FOR:**    Sunrise Buffalo Grove Assisted Living, L.L.C. (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gabriella Strbik, Pltf. vs. Sunrise Senior Living, Inc., et al. including Sunrise Buffalo Grove Assisted Living, L.L.C, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Service List |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL Case # 2008L004305 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 06/18/06 - Plaintiff was attacked and bit by a dog |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/06/2008 at 10:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Jerome Schachter & Associates, LTD.<br>9933 N. Lawler<br>Suite 100<br>Skokie, IL 60077<br>847-329-1111 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791061055333 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / PJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev.12/3/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, __LAW__ DIVISION

(Name all parties)

GABRIELLA STRBIK

v.

SUNRISE SENIOR LIVING, INC., SUNRISE OF
BUFFALO GROVE, and SUNRISE BUFFALO GROVE
ASSISTED LIVING, L.L.C.

No. _____

2008L004305
CALENDAR/ROOM A
TIME 00:00
PI Other

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

❑  District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL  60077

❑  District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL  60008

❑  District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL  60153

❑  District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL  60455

❑  District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL  60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

APR 2 1 2008

Atty. No.: __08790__

Name: Jerome Schachter & Associates, Ltd.

Atty. for: Plaintiff

Address: 9933 N. Lawler; Ste. 100

City/State/Zip: Skokie, IL  60077

Telephone: 847-329-1111

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

847    329-1128
(Area Code)   (Facsimile Telephone Number)

SEAL

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS (Rev.12/3/01) CCG 0001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, <u>LAW</u>                              DIVISION

(Name all parties)

GABRIELLA STRBIK

No. _____

2008L0043305
CALENDAR/ROOM A
TIME 00:00
FY Other

v.

SUNRISE SENIOR LIVING, INC., SUNRISE OF
BUFFALO GROVE, and SUNRISE BUFFALO GROVE
ASSISTED LIVING, L.L.C.

### SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☑   Richard J. Daley Center, 50 W. Washington, Room <u>801</u>_____, Chicago, Illinois 60602

☐   **District 2 - Skokie**       ☐   **District 3 - Rolling Meadows**       ☐   **District 4 - Maywood**
    5600 Old Orchard Rd.           2121 Euclid                            1500 Maybrook Ave.
    Skokie, IL 60077               Rolling Meadows, IL 60008              Maywood, IL 60153

☐   **District 5 - Bridgeview**       ☐   **District 6 - Markham**
    10220 S. 76th Ave.                16501 S. Kedzie Pkwy.
    Bridgeview, IL 60455              Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: <u>08790</u>_____

Name: <u>Jerome Schachter & Associates, Ltd.</u>

Atty. for: <u>Plaintiff</u>

Address: <u>9933 N. Lawler; Ste. 100</u>

City/State/Zip: <u>Skokie, IL 60077</u>

Telephone: <u>847-329-1111</u>

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ APR 2 1 2008

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

SEAL

847     329-1128
(Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT – LAW DIVISION

GABRIELLA STRBIK,                      )
                                       )
              Plaintiff,               )
                                       )
       vs.                             )        No.
                                       )
SUNRISE SENIOR LIVING, INC.,           )
SUNRISE OF BUFFALO GROVE, and          )
SUNRISE BUFFALO GROVE                  )
ASSISTED LIVING, L.L.C.,               )
                                       )
              Defendants.              )

## PLEASE SERVE

Cook County Sheriff:
   **Sunrise Senior Living, Inc.**
   c/o Registered Agent
   C T Corporation System
   208 S. LaSalle St.; Ste. 814
   Chicago, IL  60604

   **Sunrise Buffalo Grove Assisted Living, L.L.C.**
   c/o Registered Agent
   C T Corporation System
   208 S. LaSalle St.; Ste. 814
   Chicago, IL  60604

Lake County Sheriff:
   **Sunrise of Buffalo Grove**
   180 W. Half Day Rd.
   Buffalo Grove, IL

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT – LAW DIVISION

GABRIELLA STRBIK,           )
                            )
          Plaintiff,        )
                            )
vs.                         )      No.
                            )
SUNRISE SENIOR LIVING, INC.,      )      2008L004305
SUNRISE OF BUFFALO GROVE, and     )      CALENDAR/ROOM A
SUNRISE BUFFALO GROVE             )      TIME 00:00
ASSISTED LIVING, L.L.C.,          )      PI Other
                            )
          Defendants.       )

## COMPLAINT

### COUNT I
### ANIMAL CONTROL ACT, 510 ILCS 5/16
### SUNRISE SENIOR LIVING, INC.

Now comes the Plaintiff, GABRIELLA STRBIK, by and through her

attorney, JEROME SCHACHTER & ASSOCIATES, Ltd., and complaining about

the Defendant, SUNRISE SENIOR LIVING, INC., states:

    1.    On June 18, 2006, the Defendant, SUNRISE SENIOR LIVING,

INC., was the owner and keeper of a certain dog.

    2.    On June 18, 2006, Defendant, SUNRISE SENIOR LIVING, INC.,

owned real estate commonly known as, 180 W. Half Day Rd., Buffalo Grove,

Illinois.

    3.    On June 18, 2006, Plaintiff, GABRIELLA STRBIK, was peacefully

conducting herself on the premises at 180 W. Half Day Rd., Buffalo Grove,

Illinois.

4.    On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was lawfully on said premises.

5.    On June 18, 2006, without provocation, the dog owned by the Defendant, SUNRISE SENIOR LIVING, INC., attacked the Plaintiff and bit her, injuring the person and body of the Plaintiff.

6.    At all times pertinent hereto, there existed in the State of Illinois a certain act or law commonly known as the **Illinois Animal Control Act** (510 ILCS 5/16), which, among other things, provides:

> If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting him[her]self in any place where he[she] may lawfully be, the owner of such dog or other animal is liable in damages to such person of or the full amount of injuries sustained.

7.    As a direct and proximate result of the of the violation of this statute, the Plaintiff, GABRIELLA STRBIK, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, GABRIELLA STRBIK, demands judgment against Defendant, SUNRISE SENIOR LIVING, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

**COUNT II**
**NEGLIGENCE**
**SUNRISE SENIOR LIVING, INC.**

Now comes the Plaintiff,  GABRIELLA STRBIK, by and through her attorney, JEROME SCHACHTER & ASSOCIATES, LTD., and complaining about the Defendant, SUNRISE SENIOR LIVING, INC., states:

1.    On June 18, 2006, the Defendant, SUNRISE SENIOR LIVING, INC., was the owner and keeper of a certain dog.

2. On June 18, 2006, Defendant, SUNRISE SENIOR LIVING, INC., owned real estate commonly known as, 180 W. Half Day Rd., Buffalo Grove, Illinois.

3. On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was peacefully conducting herself on the premises at 180 W. Half Day Rd.; Buffalo Grove, Illinois.

4. On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was lawfully on said premises.

5. On June 18, 2006, without provocation, the dog owned by the Defendant, SUNRISE SENIOR LIVING, INC., attacked the Plaintiff and bit her, injuring the person and body of the minor Plaintiff.

6. At all times pertinent hereto, there existed in the State of Illinois a certain act or law commonly known as the **Illinois Animal Control Act** (510 ILCS 5/16), which, among other things, provides:

> If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting him[her]self in any place where he[she] may lawfully be, the owner of such dog or other animal is liable in damages to such person of or the full amount of injuries sustained.

7. At all times pertinent hereto, Defendant SUNRISE SENIOR LIVING, INC., was careless and negligent by one or more of the following acts or omissions:

a. Knew of/should have known of the vicious and dangerous propensities of his dog;

b. Failed to train or to otherwise discipline the dog so that it would not attack and injure others;

c. Failed to warn others, including GABRIELLA STRBIK, in close proximity that the dog was a vicious animal with a proclivity or propensity to attack and injure others; and/or

    d.     Failed to muzzle or prohibit the dog from attacking and biting others, particularly when they knew that the dog would be in an environment in which it would almost certainly come into contact with other people.

    e.     Failed to provide adequate adult supervision when he knew the dog had vicious and dangerous propensities.

  8.     As a direct and proximate result of the attack on the Plaintiff, GABRIELLA STRBIK, by the dog owned by Defendant, SUNRISE SENIOR LIVING, INC., the Plaintiff, GABRIELLA STRBIK, suffered severe injuries to her bodily, skeletal, muscular and nervous systems becoming scarred, bruised, contused, sore, lame, disabled and disordered, requiring medical care and treatment, suffering both physical and mental pain, being unable to conduct her normal daily affairs of life and expending large sums of money for her medical care and other related expenses, and those conditions occurred as a result of the aforesaid attack on her person by the dog owned by SUNRISE SENIOR LIVING, INC. on June 18, 2006, they continue to exist today, and will require further medical expense in the future.

WHEREFORE, Plaintiff, GABRIELLA STRBIK, requests judgment against SUNRISE SENIOR LIVING, INC. in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with all allowable prejudgment interest, costs, and attorneys fees.

**COUNT III**
**ANIMAL CONTROL ACT, 510 ILCS 5/16**
**SUNRISE OF BUFFALO GROVE**

Now comes the Plaintiff, GABRIELLA STRBIK, by and through her attorney, JEROME SCHACHTER & ASSOCIATES, Ltd., and complaining about the Defendant, SUNRISE OF BUFFALO GROVE, states:

1.    On June 18, 2006, the Defendant, SUNRISE OF BUFFALO GROVE, was the owner and keeper of a certain dog.

2.    On June 18, 2006, Defendant, SUNRISE OF BUFFALO GROVE, owned real estate commonly known as, 180 W. Half Day Rd., Buffalo Grove, Illinois.

3.    On June 18, 2006, Plaintiff, GABRIELLA STRBIK, was peacefully conducting herself on the premises at 180 W. Half Day Rd., Buffalo Grove, Illinois.

4.    On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was lawfully on said premises.

5.    On June 18, 2006, without provocation, the dog owned by the Defendant, SUNRISE OF BUFFALO GROVE, attacked the Plaintiff and bit her, injuring the person and body of the Plaintiff.

6.    At all times pertinent hereto, there existed in the State of Illinois a certain act or law commonly known as the **Illinois Animal Control Act** (510 ILCS 5/16), which, among other things, provides:

> If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting him[her]self in any place where he[she] may lawfully be, the owner of such dog or other animal is liable in damages to such person of or the full amount of injuries sustained.

7.    As a direct and proximate result of the of the violation of this statute, the Plaintiff, GABRIELLA STRBIK, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, GABRIELLA STRBIK, demands judgment against Defendant, SUNRISE OF BUFFALO GROVE, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

**COUNT IV**
**NEGLIGENCE**
**SUNRISE SENIOR LIVING, INC.**
**SUNRISE OF BUFFALO GROVE**

Now comes the Plaintiff, GABRIELLA STRBIK, by and through her attorney, JEROME SCHACHTER & ASSOCIATES, LTD., and complaining about the Defendant, SUNRISE OF BUFFALO GROVE, states:

1.    On June 18, 2006, the Defendant, SUNRISE OF BUFFALO GROVE, was the owner and keeper of a certain dog.

2.    On June 18, 2006, Defendant, SUNRISE OF BUFFALO GROVE, owned real estate commonly known as, 180 W. Half Day Rd., Buffalo Grove, Illinois.

3.    On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was peacefully conducting herself on the premises at 180 W. Half Day Rd.; Buffalo Grove, Illinois.

4.    On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was lawfully on said premises.

5.    On June 18, 2006, without provocation, the dog owned by the Defendant, SUNRISE OF BUFFALO GROVE, attacked the Plaintiff and bit her, injuring the person and body of the minor Plaintiff.

6.     At all times pertinent hereto, there existed in the State of Illinois a

certain act or law commonly known as the **Illinois Animal Control Act** (510

ILCS 5/16), which, among other things, provides:

> If a dog or other animal, without provocation, attacks or injures any person
> who is peaceably conducting him[her]self in any place where he[she] may
> lawfully be, the owner of such dog or other animal is liable in damages to
> such person of or the full amount of injuries sustained.

7.     At all times pertinent hereto, Defendant SUNRISE OF BUFFALO

GROVE, was careless and negligent by one or more of the following acts or

omissions:

a.     Knew of/should have known of the vicious and dangerous
       propensities of his dog;
b.     Failed to train or to otherwise discipline the dog so that it would not
       attack and injure others;
c.     Failed to warn others, including GABRIELLA STRBIK, in close
       proximity that the dog was a vicious animal with a proclivity or
       propensity to attack and injure others; and/or
d.     Failed to muzzle or prohibit the dog from attacking and biting
       others, particularly when they knew that the dog would be in an
       environment in which it would almost certainly come into contact
       with other people.
e.     Failed to provide adequate adult supervision when he knew the dog
       had vicious and dangerous propensities.

8.     As a direct and proximate result of the attack on the Plaintiff,

GABRIELLA STRBIK, by the dog owned by Defendant, SUNRISE OF BUFFALO

GROVE,  the Plaintiff, GABRIELLA STRBIK, suffered severe injuries to her

bodily, skeletal, muscular and nervous systems becoming scarred, bruised,

contused, sore, lame, disabled and disordered, requiring medical care and

treatment, suffering both physical and mental pain, being unable to conduct her

normal daily affairs of life and expending large sums of money for her medical

care and other related expenses, and those conditions occurred as a result of the

aforesaid attack on her person by the dog owned by SUNRISE OF BUFFALO GROVE on June 18, 2006, they continue to exist today, and will require further medical expense in the future.

WHEREFORE, Plaintiff, GABRIELLA STRBIK, requests judgment against SUNRISE OF BUFFALO GROVE in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with all allowable prejudgment interest, costs, and attorneys fees.

**COUNT V**
**ANIMAL CONTROL ACT, 510 ILCS 5/16**
**SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C.**

Now comes the Plaintiff, GABRIELLA STRBIK, by and through her attorney, JEROME SCHACHTER & ASSOCIATES, Ltd., and complaining about the Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., states:

1.    On June 18, 2006, the Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., was the owner and keeper of a certain dog.

2.    On June 18, 2006, Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., owned real estate commonly known as, 180 W. Half Day Rd., Buffalo Grove, Illinois.

3.    On June 18, 2006, Plaintiff, GABRIELLA STRBIK, was peacefully conducting herself on the premises at 180 W. Half Day Rd., Buffalo Grove, Illinois.

4.    On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was lawfully on said premises.

5.    On June 18, 2006, without provocation, the dog owned by the Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., attacked the Plaintiff and bit her, injuring the person and body of the Plaintiff.

6.    At all times pertinent hereto, there existed in the State of Illinois a certain act or law commonly known as the **Illinois Animal Control Act** (510 ILCS 5/16), which, among other things, provides:

> If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting him[her]self in any place where he[she] may lawfully be, the owner of such dog or other animal is liable in damages to such person of or the full amount of injuries sustained.

7.    As a direct and proximate result of the of the violation of this statute, the Plaintiff, GABRIELLA STRBIK, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, GABRIELLA STRBIK, demands judgment against Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C.in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

**COUNT VI**
**NEGLIGENCE**
**SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C.**

Now comes the Plaintiff,  GABRIELLA STRBIK, by and through her attorney, JEROME SCHACHTER & ASSOCIATES, LTD., and complaining about the Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., states:

1.    On June 18, 2006, the Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., was the owner and keeper of a certain dog.

2.  On June 18, 2006, Defendant, SUNRISE BUFFALO GROVE

ASSISTED LIVING, L.L.C., owned  real estate commonly known as, 180 W. Half

Day Rd., Buffalo Grove, Illinois.

3.  On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was

peacefully conducting herself on the premises at 180 W. Half Day Rd.; Buffalo

Grove, Illinois.

4.  On June 18, 2006, the Plaintiff, GABRIELLA STRBIK, was lawfully

on said premises.

5.  On June 18, 2006, without provocation, the dog owned by the

Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., attacked

the Plaintiff and bit her, injuring the person and body of the minor Plaintiff.

6.  At all times pertinent hereto, there existed in the State of Illinois a

certain act or law commonly known as the **Illinois Animal Control Act** (510

ILCS 5/16), which, among other things, provides:

> If a dog or other animal, without provocation, attacks or injures any person
> who is peaceably conducting him[her]self in any place where he[she] may
> lawfully be, the owner of such dog or other animal is liable in damages to
> such person of or the full amount of injuries sustained.

7.  At all times pertinent hereto, Defendant SUNRISE BUFFALO

GROVE ASSISTED LIVING, L.L.C., was careless and negligent by one or more

of the following acts or omissions:

a.  Knew of/should have known of the vicious and dangerous
    propensities of his dog;
b.  Failed to train or to otherwise discipline the dog so that it would not
    attack and injure others;
c.  Failed to warn others, including GABRIELLA STRBIK, in close
    proximity that the dog was a vicious animal with a proclivity or
    propensity to attack and injure others; and/or

d.    Failed to muzzle or prohibit the dog from attacking and biting others, particularly when they knew that the dog would be in an environment in which it would almost certainly come into contact with other people.

e.    Failed to provide adequate adult supervision when he knew the dog had vicious and dangerous propensities.

8.    As a direct and proximate result of the attack on the Plaintiff, GABRIELLA STRBIK, by the dog owned by Defendant, SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C., the Plaintiff, GABRIELLA STRBIK, suffered severe injuries to her bodily, skeletal, muscular and nervous systems becoming scarred, bruised, contused, sore, lame, disabled and disordered, requiring medical care and treatment, suffering both physical and mental pain, being unable to conduct her normal daily affairs of life and expending large sums of money for her medical care and other related expenses, and those conditions occurred as a result of the aforesaid attack on her person by the dog owned by SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C. on June 18, 2006, they continue to exist today, and will require further medical expense in the future.

WHEREFORE, Plaintiff, GABRIELLA STRBIK, requests judgment against SUNRISE BUFFALO GROVE ASSISTED LIVING, L.L.C. in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with all allowable prejudgment interest, costs, and attorneys fees.

Respectfully submitted,
Jerome Schachter & Associates, Ltd.

Bruce W. Bublick

9933 N. Lawler; Ste. 100
Skokie, IL 60077
847-329-1111
#08790

## CERTIFICATE OF SERVICE

A copy of the **Defendants' Notice of Removal, Civil Sheet, Appearance,** and **Answer** was filed electronically this **3ʳᵈ day of June**, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's electronic system.

**ATTORNEY FOR PLAINTIFF**

Bruce W. Bublick, Esq.
Jerome Schachter & Associates, Ltd.
9933 N. Lawler Avenue
Suite 100
Skokie, Illinois 60077
Telephone: (847)329-1111
Fax: (847) 329-1128
E-Mail:schachterlaw3@yahoo.com

Respectfully submitted,

/s/Daniel B. Mills
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:     (312) 578-7524
Fax:          (312) 346-8242
Dmills@pretzel-stouffer.com
*Attorney for Defendant*